[L. A. No. 8135. In Bank.—September 28, 1925.]

ANNA M. POWERS, Appellant, v. WALTER RAYMOND, Respondent.

[1] Negligence—Injury While Using Dark By-path—Presumption of Negligence.—In this action for damages for personal injuries suffered by plaintiff, prior to her entry upon her duties at the hotel about to be opened to the public by defendant, as the result of a fall while walking late at night along a dark and unlighted by-path, instead of using the main well-lighted roadway, within the hotel grounds on her way to the railroad station to meet friends expected to arrive on an incoming train, the mere fact of the injury under the circumstances shown did not raise a presumption of negligence.

[2] Id.—Inference of Negligence—Province of Court and Jury.—Whether negligence can be inferred from the evidence is a question of law for the determination of the court, but whether it ought to be inferred is a question for the jury.

[3] Id. — Duty Toward Employee — Protection on Private Excursion.—In such action, assuming that plaintiff was an employee of defendant at the time of the injury, the duty of defendant to her was limited to furnishing her a reasonably safe place in which to perform her duties, with proper facilities for ingress and egress, and did not extend to her protection while she was on a private excursion outside of those limits and taken solely on her own account.

[4] Id.—Scope of Invitation—Duty to Maintain Safe Premises—Use by Licensee.—While defendant was obliged to exercise ordinary care for plaintiff's safety within the scope of the invitation extended by defendant to plaintiff to occupy the premises at the time of the accident, and this included the duty to maintain the premises on which plaintiff was expressly or impliedly invited in a reasonably safe condition, when it was made to appear that the

---

2.  See 19 Cal. Jur. 719; 20 R. C. L. 168.
3.  See 16 Cal. Jur. 995.

occupancy and use of the portion of the premises on which plaintiff was injured could not under any rational view of the evidence be within the scope of the invitation she became a mere licensee to whom the defendant owed no duty except to abstain from wilful or wanton injury.

[5] ID.—WARNING OF DANGER — IMPENETRABLE DARKNESS. — In such action, the impenetrable darkness along the by-path taken by plaintiff and her companions was in itself a sufficient warning, even to those who had used the path before, not to use the same except at their own risk.

[6] ID.—REPAIR OF PATHWAY—DUTY TOWARD LICENSEE—USE OF UNFAMILIAR PATHWAY—CONTRIBUTORY NEGLIGENCE.—Plaintiff having been a mere licensee, there was no duty on the part of defendant to keep such dark pathway which she selected of her own volition in repair for her accommodation and safety; but, assuming that defendant was negligent, where plaintiff was unfamiliar with such pathway, had never used it before, and in fact did not know that it existed until her companions suggested taking it, plaintiff was guilty of contributory negligence as a matter of law.

---

(1) 29 *Cyc.*, p. 594, n. 9.   (2) 39 **C. J.**, p. 272, n. 6, p. 273, n. 11; 29 *Cyc.*, p. 627, n. 37, p. 629, n. 45, p. 630, n. 47.   (3) 32 **C. J.**, p. 533, n. 94; 39 **C. J.**, p. 276, n. 48.   (4) 29 *Cyc.*, p. 452, n. 81, p. 453, n. 86, p. 457, n. 29, p. 458, n. 32, 37.   (5) 29 *Cyc.*, p. 474, n. 49, p. 475, n. 54.   (6) 29 *Cyc.*, p. 451, n. 72, p. 520, n. 39.

APPEAL from a judgment of the Superior Court of Los Angeles County. John Perry Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Leonard L. Riccardi and Ticknor, Carter & Webster for Appellant.

G. A. Gibbs and Elliot Gibbs for Respondent.

SHENK, J.—Action for damages for alleged negligence of the defendant. From a judgment on a directed verdict in favor of the defendant the plaintiff appeals.

The defendant is the owner and proprietor of the Raymond Hotel in Pasadena. The hotel and grounds surrounding the same and used in connection therewith occupy about eighty acres of land. In the vicinity of the hotel buildings are roadways leading to and from public highways to the north and west. The roadway to the north runs toward the

Raymond Hotel station of the Santa Fe Railway extending a distance of about three hundred feet through the hotel grounds. The remaining distance from the hotel grounds to the station is for pedestrian and vehicular traffic, by way of a city street. Paralleling the northerly roadway and about fifty feet easterly therefrom is a narrow pathway maintained for the use of the guests of the hotel during the season when the hotel is in operation. For a certain distance in this pathway, at the time of the injury complained of, three twelve-inch boards were laid side by side lengthwise the walk. The regular hotel season for the year of 1922–23 opened on December 28, 1922, and closed on April 12, 1923. By special arrangement, however, the accommodations of the hotel were made available to an eastern football team from December 24th to and including the first day of January following, but the hotel was not open to the public until December 28th.

Prior to December 21st the plaintiff had been living in Denver. She had been engaged by the defendant to serve as a waitress at the hotel, but upon learning that she was an experienced hair-dresser and manicurist and desiring to obtain the services of someone to act in that capacity, the defendant entered into a contract with her to take charge of the hair-dressing department during the forthcoming season. Under the terms of the contract she was to receive as her compensation sixty-five per cent of the gross receipts from her department and board and room. She was notified that if the football team were to be entertained at the hotel it would be agreeable to the defendant to have her present and presumably ready for duty on December 22d or 23d. By telegraphic message she agreed to start from Denver on the 22d. However, she arrived in Pasadena on the 21st, went immediately to the hotel, and was assigned to her room. Certain persons who had been engaged to serve in various capacities during the hotel season in question and who were friends of the plaintiff were expected to arrive from the east on the evening train of the 22d. The train was late and did not arrive until 11:26 P. M. In company with two of her friends who had also been engaged to act as employees of the defendant, the plaintiff left the hotel about 11 o'clock on the night of the 22d for the purpose of meeting the incoming train. This she did of her own volition and in nowise at the

direction or suggestion of the defendant nor as a part of her contract of employment either present or prospective. The main roadway through the hotel grounds toward the station was easily and safely traversable and had been well lighted for the particular accommodation of those who were to arrive on said train. The parallel pathway was unlighted and it was impossible for anyone passing along the same in the darkness at that time of night to discern whether or not it was passable. This condition attending the pathway was observed by the plaintiff at the time. The lighted roadway was also plainly observable. The pathway was unlighted because it was not then in use, was under repair and was not to be used until the regular season opened. Instead of following the main well-lighted roadway, the plaintiff entered the dark pathway. She testified that in proceeding along the same she "couldn't see at all because it was so dark." She said she took the pathway at the suggestion of her companions, who, she understood, had used the same before. No question of their negligence in making the suggestion nor of the responsibility of the defendant because of their action in that behalf is here raised. After the plaintiff had proceeded a short distance along the dark pathway her "foot went into a big hole," which may be assumed to have been a defective portion of the boardwalk. She fell and suffered a severe injury to her knee. The defendant paid the plaintiff's bills for hospital service and medical attention and provided for her care for several months and until she was able to move about. It was for pain and suffering and alleged permanent disability that this action was brought.

The foregoing facts were undisputed and constituted the evidence upon which any judgment in favor of the plaintiff would depend. On those facts two questions present themselves for consideration—first, was the defendant guilty of negligence toward the plaintiff at the time of the injury; and, second, if such negligence was shown, was the plaintiff guilty of contributory negligence as a matter of law. [1] As bearing on the first question it may be said that the mere fact of the injury under the circumstances here shown did not raise a presumption of negligence (*Depons* v. *Ariss*, 182 Cal. 485 [188 Pac. 797]; *Sappenfield* v. *Main Street etc. R. R. Co.*, 91 Cal. 48 [27 Pac. 590]; 19 Cal. Jur. 707). [2] Whether negligence can be inferred from the evidence

is a question of law for the determination of the court, but whether it ought to be inferred is a question for the jury (*Pacheco* v. *Judson Mfg. Co.,* 113 Cal. 541 [45 Pac. 833]; 19 Cal. Jur. 724).

The extent of the responsibility of the defendant toward the plaintiff depends on their relationship at the time of the injury. There is much discussion in the briefs as to whether the plaintiff at that time was an employee, a guest, an invitee, or a mere licensee, the plaintiff contending that she was an employee and guest and the defendant contending that she was a mere licensee. It is alleged in the complaint "that the plaintiff entered into the employ of the said defendant, and at the invitation of the defendant took up her residence on the premises on the 21st day of December, 1922." It is not alleged that she was an employee of the defendant at the time of the injury and the proof clearly shows that she did not bear that relationship to the defendant at that time. She arrived at the hotel in advance of the time when she agreed to arrive and the term of her employment had not yet commenced. The pay-roll was not started until some days thereafter. It is not claimed and of course could not properly be asserted that under the evidence the accident arose out of or in the course of the alleged employment. **[3]** But assuming, as the plaintiff claims the evidence discloses, that she was an employee of the defendant at the time of the injury, then the duty of the defendant to her was limited to furnishing her a reasonably safe place in which to perform her duties, with proper facilities for ingress and egress, and did not extend to her protection while she was on a private excursion outside of those limits and taken solely on her own account (*Kennedy* v. *Chase,* 119 Cal. 637 [63 Am. St. Rep. 153, 52 Pac. 33]; *Jacobson* v. *Northwestern Pacific R. R. Co.,* 175 Cal. 468 [166 Pac. 3]). It is not alleged that the plaintiff was a guest at the particular time in question and under the evidence it may not rightly be said that she was a guest at that time (*Fay* v. *Pacific Imp. Co.,* 93 Cal. 253 [27 Am. St. Rep. 198, 16 L. R. A. 188, 26 Pac. 1099, 28 Pac. 943]; *Goldstein* v. *Healy,* 187 Cal. 206 [201 Pac. 462]; 14 Cal. Jur. 319; 32 C. J. 533). The proof was directly responsive to the allegation in the amended complaint, namely, that the plaintiff took up her residence on said premises on December 21st at the invitation of the defendant. The allegation was in conformity

with the facts as developed during the course of the trial.
[4] The question is therefore narrowed to this: What was
the scope of the invitation extended by the defendant to
the plaintiff to occupy the premises at the particular time?
For within the scope of that invitation the defendant was
obliged to exercise ordinary care for her safety. This would
include the duty to maintain the premises on which the
plaintiff was expressly or impliedly invited in a reasonably
safe condition (*Giannini* v. *Campodonico,* 176 Cal. 548 [169
Pac. 80]). But when it was made to appear that the occu-
pancy and use of the portion of the premises on which the
plaintiff was injured could not under any rational view of
the evidence be within the scope of the invitation she be-
came a mere licensee to whom the defendant owed no duty
except to abstain from wilful or wanton injury (*Means* v.
*Southern California Ry. Co.,* 144 Cal. 473 [1 Ann. Cas. 206,
77 Pac. 1001]; *Giannini* v. *Campodonico, supra;* 16 Cal. Jur.
282, and cases cited). When the evidence before us is
viewed in a light most favorable to the plaintiff, it cannot
be said that she was invited either expressly or impliedly to
enter and use the dark pathway on the night in question.
Upon her arrival the accommodations of the hotel for her board
and room were extended to her in anticipation of and pend-
ing the commencement of her service as an employee. Such
accommodations would no doubt include such use of the build-
ing and premises as would be reasonably necessary for the
comfort and convenience of herself and others similarly situ-
ated during the period prior to the opening of the hotel to
the public and during the time when the hotel and premises
were being made ready for the accommodation of guests. It
may be granted that proper and safe means of ingress and
egress to and from the railway station would be included in
the accommodations which the defendant had invited the plain-
tiff to enjoy. These means were amply provided by the de-
fendant by way of the admittedly safe and well-lighted
roadway leading to the station, but the use of the unlighted
by-path was not extended to the plaintiff under the cir-
cumstances here shown.

[5] Much stress is laid by the plaintiff on the claim that
it was the duty of the defendant to place some sign or
obstruction at the entrance of the dark by-path to warn those
who might choose to enter, but we think the impenetrable

darkness was in itself a sufficient warning, even to those who had used the path before, not to use the same except at their own risk.

[6] Since we conclude that at the time of the injury the plaintiff was a mere licensee, there was, therefore, no duty on the part of the defendant to keep the said pathway in repair for her accommodation and safety. Furthermore, the evidence shows that the plaintiff was unfamiliar with the pathway, had never used it before and in fact did not know that it existed. Under such circumstances, if it be assumed that negligence on the part of the defendant was shown, the conclusion would be impelled that the plaintiff was at the time guilty of contributory negligence as a matter of law. Under any view of the evidence the action of the trial court in directing a verdict for the defendant should not be disturbed.

The judgment is affirmed.

Richards, J., Waste J., Seawell, J., Lawlor, Acting C. J., Lennon, J., and Houser, J., *pro tem.,* concurred.