[S. F. No. 13402. In Bank.—January 27, 1931.]

R. C. MEDCRAFT, Appellant, v. THE MERCHANTS EXCHANGE (a Corporation), Respondent.

J. F. Riley for Appellant.

Chickering & Gregory for Respondent.

PRESTON, J.—Action for damages for personal injuries. At the conclusion of the evidence the court, on motion of defendant, granted a nonsuit and judgment followed from which plaintiff appeals upon a full record. The facts are not in dispute and those here material may be set forth within a narrow compass:

Defendant owns a large office building in the city and county of San Francisco known as The Merchants Exchange Building. Offices therein are rented to tenants for their own use and the use of all persons having business with them. Plaintiff, an insurance manager, on December 13, 1919, had business with the Pacific Adjustment Bureau, the offices of which were located on the tenth floor of defendant's said building. During the transaction of his business at this place, plaintiff stained his hands with ink. After concluding the business transaction, he passed down the corridor of the building seeking a washroom wherein to cleanse his hands. He was more or less familiar with the other floors of the building and knew the location thereon of the washrooms and urinals. Moving along the corridor to a point corresponding to the position of the washrooms and urinals on other floors of the building, he found a plain door, bearing no invitational sign, but, feeling that it must be the place he sought, he opened the door and found himself in a small dimly lighted antechamber with a swinging door between it and a larger room, which was lighted. The light from the larger room, shed over and under the swinging door, served to light dimly the antechamber. Plaintiff looked at the so-called usual place but saw no wash-basin there and he did not seek it in the lighted room, where two urinals were located. He thought the washroom must be at some other place and recalled that upon opening the door and entering the room wherein he stood, has hand had come in contact with the bolt of another door to his right. This door was ajar. The light shed into the little room was just

sufficient to make the darkness visible within the area to which this last-mentioned door led. Pursuing the thought that this door must lead to a washroom, he proceeded toward the aperture, moving in total darkness, and in attempting to set foot on a supposed floor and to find a supposed electric switch button, he plunged into an air-shaft some eighty feet in depth but fortunately, after a fall of some fifteen or twenty feet, caught himself upon a ledge of some kind and was rescued, although severely and permanently injured. He thereupon brought this suit alleging negligence on the part of defendant owner of the building growing out of the above facts.

In granting the nonsuit the court based its ruling upon the ground that plaintiff in the portion of the building where injured was at most a licensee and not an invitee and upon the further ground that plaintiff himself was guilty of contributory negligence. We see no logical escape from a full approval on both grounds of the ruling of the court below. In so doing we grant to plaintiff the status of an invitee in the building and even in the anteroom or urinal but when he failed to enter the lighted room in search of the wash-basin and proceeded to set hand and foot in a place filled with impenetrable darkness, we cannot believe that the invitation was broad enough to cover this wandering search conducted by him nor believe that he exercised ordinary care for his own safety.

Both plaintiff and defendant have marshalled a long line of cases, each contending for their applicability to the case at hand. We find none of them exactly parallel to this case; hence an extended review thereof would not be profitable. We do find, however, a case which although different in fact seems to be the same in principle and clearly in point—*Powers* v. *Raymond*, 197 Cal. 126 [239 Pac. 1069]. Plaintiff there had been engaged by the proprietor of the Raymond Hotel in Pasadena to take charge of the hairdressing and manicurist department beginning work on December 22 or 23, 1923. She arrived at the hotel, however, on December 21st and was assigned to a room. The hotel was situated some distance from the Raymond Hotel Santa Fe Ry. station and in going to this station it was necessary to proceed through the hotel grounds for about three hun-

dred feet, the remaining distance being along city streets. The hotel maintained a well-lighted and safely traversable roadway through the grounds but there was also about fifty feet east therefrom a narrow pathway maintained for the use of guests during the season the hotel was in operation, it being closed to the general public at the time in question. Along this narrow pathway were laid three twelve-inch boards, side by side, lengthwise on the walk. The pathway was unlighted and it was impossible for anyone passing along it in darkness at that time of night to discern whether or not it was passable. Plaintiff, instead of following the main lighted roadway, knowingly entered the dark pathway. She admitted she could not see at all, it was so dark. Stumbling into a hole, she received severe injuries and brought suit against the hotel proprietor to recover damages therefor. She was on a mission of her own at the time. The court held that whether negligence could be inferred from the evidence was a question of law for the determination of the court, but whether it ought to be inferred was a question for the jury, and concluded that as a matter of law plaintiff was not an invitee on that particular portion of the premises; and furthermore, that in proceeding along that particular pathway in known darkness, plaintiff, as a matter of law, was guilty of contributory negligence.

■ It is well recognized that a person may be an invitee in a portion of a building and not enjoy that status as to other portions thereof. (*Powers* v. *Raymond, supra; Kennedy* v. *Chase,* 119 Cal. 637 [63 Am. St. Rep. 153, 52 Pac. 33]; *Peebles* v. *Exchange Bldg. Co.,* 15 Fed. (2d) 335; *State Comp. Ins. Fund* v. *Allen,* 104 Cal. App. 400 [285 Pac. 1053].)

The judgment is affirmed.

Curtis, J., Shenk, J., Langdon, J., Seawell, J., Richards, J., and Waste, C. J., concurred.