[Civ. No. 9706. Second Appellate District, Division Two.—April 5, 1935.]

LEE R. ELLIS, Respondent, v. OWEN ROOFING COMPANY, INC. (a Corporation), Appellant.

Kenneth J. Murphy for Appellant.

Delamere F. McCloskey for Respondent.

SCOTT, J., *pro tem.*—Plaintiff sued defendant corporation and its employee, one Anderson, for damages. The jury absolved Anderson and gave plaintiff judgment against the corporation, from which the latter appeals.

At the time of the accident complained of plaintiff was plastering the outside of a new house below the edge of the roof, when a tile fell on his head, causing injury.

■ It is appellant's contention that the verdict of the jury in favor of Anderson operated to free defendant corporation from liability, on the assumption that the only basis for the liability of the employer was the doctrine of *respondeat superior*. In a case where the employer is responsible solely because of such relationship to an employee and not because of any express instruction to the agent to do the act complained of, or because of any acts done directly or through another agent, the exonerating of the employer must follow the freeing of the employee from liability. (*Bradley* v. *Rosenthal*, 154 Cal. 420 [97 Pac. 875, 129 Am. St. Rep. 171]; *Fimple* v. *Southern Pacific Co.*, 38 Cal. App. 727 [177 Pac. 871]; *Benson* v. *Southern Pacific Co.*, 177 Cal. 777 [171 Pac. 948].)

■ The complaint contained allegations sufficient to support a theory that either the employee Anderson or employer corporation or both were tort-feasors. There was evidence from which the jury might have concluded that Anderson let the tile drop on plaintiff's head, but they apparently concluded otherwise. It was not suggested that anyone other than defendant corporation was putting on the roof or had put any tiles at or near the place from which the injuring one fell, and Anderson testified that he as foreman and two other men had put them all there. At the time of the accident another employee was working on the roof some distance away from Anderson. When the plaintiff's yell was heard, Anderson said he was working up near the ridge, and that he went to the edge of the roof, looked down and asked plaintiff if he had been hurt. Anderson nowhere testified that he had dropped the tile. One witness looked up after the tile had fallen and observed a tile missing on the corner of the roof.

We have, therefore, a case in which plaintiff was indisputably injured by a tile falling on his head from the roof where defendant corporation was in exclusive control of the

tile. The jury was warranted in applying the doctrine of *res ipsa loquitur* and holding appellant liable even though it considered the evidence of any negligence of co-defendant Anderson inadequate to support a verdict as against him. (*Michener* v. *Hutton*, 203 Cal. 604 [265 Pac. 238, 59 A. L. R. 480].) This court may not under the circumstances undertake to invade the province of the jury and to retry the facts which are sufficient to support the verdict. Under the authority of *Green* v. *Southern Pacific Co.*, 53 Cal. App. 194 [199 Pac. 1059], the employer was properly held liable.

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.