[Civ. No. 1399. Fourth Appellate District.—September 12, 1935.]

FARRIS J. LAWAND, Respondent, v. CALIFORNIA PRODUCTS COMPANY (a Corporation), Appellant.

Sutherland, Dearing & Jertberg for Appellant.

B. M. Benson for Respondent.

JENNINGS, J.—It is agreed by counsel for the respective parties in the above-entitled action that the single question presented on this appeal is whether or not the plaintiff, at the time when and the place where the injury complained of occurred, bore to the defendant the relationship of an invitee to whom the defendant owed the duty of keeping its premises in safe condition.

The action was instituted by plaintiff for the purpose of recovering from the defendant damages to compensate him for certain personal injuries which he suffered while he was on premises which were then being used by defendant in the business of making wine. The action proceeded to trial before the court and a jury selected for the purpose. At the conclusion of plaintiff's case, the defendant moved the court for a nonsuit which was denied. When all evidence on behalf of both parties had been submitted and both sides had rested, defendant moved the court to direct a verdict in its favor. This motion was denied. The case was submitted to the jury which returned a verdict in plaintiff's favor in the amount of $1250. Thereafter the defendant moved the court to enter judgment in its favor notwithstanding the verdict. This motion was denied. Judgment was thereupon entered in conformity with the verdict. The defendant moved the court for a new trial which was denied. The defendant presents this appeal from the judgment.

The solution of the single problem here presented requires consideration of the evidence which was produced during the trial of the action. The evidence, as shown by the reporter's transcript, indicates that at some time prior to November 16, 1933, the Gouldy Transfer Company had entered into a contract with appellant whereby the Transfer Company agreed to transport grapes by means of trucks from various ranches in Fresno County to appellant's plant which was located in the city of Fresno; that respondent was an employee of the transfer company and on the above-mentioned date was en-

gaged in unloading grapes from the trucks of his employer to a platform on appellant's premises; that respondent had been directed by his employer to remain at appellant's plant for the purpose of unloading the various trucks in which the grapes were being transported; that in doing the work assigned to him respondent used a pitchfork; that, in the process of unloading, juice from the grapes was deposited on the clothing and hands of the person engaged in the task and on the handle of the pitchfork and caused the worker's hands and the handle of the fork to become sticky; that it was respondent's habit to wash his hands and the fork handle after he had finished unloading each truck load of grapes; that in so doing he had used a water faucet which was located on appellant's premises in front of the building in which appellant's plant was housed and approximately 15 feet distant from the truck; that on the date of the accident the above-mentioned faucet was being used whereupon respondent inquired of one of appellant's employees where he might wash his hands and was told that he might use another faucet which was located in appellant's plant at the east side of the building; that respondent proceeded toward the latter faucet and in so doing walked along a passageway constructed of 2x6 cross boards 36 inches long placed side by side; that as respondent was walking along the above-described passageway the pressure of his feet caused one of the boards to tip upward leaving an opening into which his right foot slipped; that beneath the flooring of the platform there was a machine known as a screw conveyor; that respondent's right foot came in contact with the blades of the machine as a result of which he suffered the injuries for which he sought compensatory damages.

In considering whether or not the above-mentioned facts show that, at the time when and the place where the respondent sustained the injuries for which damages were awarded, he occupied the favored position of an invitee to whom appellant owed the duty of maintaining the premises in a safe condition, it may be assumed that so long as respondent remained at the place where his work required him to be he was an invitee. It is our understanding that it is so conceded by appellant. The undisputed evidence indicated, however, that at the time the accident occurred respondent

had left the place where his duties required him to be and that he was in the main part of appellant's plant. The purpose of this excursion was to enable respondent to wash his hands which had become sticky by reason of the presence on them of grape juice which had flowed down the handle of the pitchfork during the unloading of the truck load of grapes which had just been completed. Admittedly, there was a water hydrant much nearer to the unloading place than the one to which respondent was proceeding at the time he suffered the injuries. It was also admitted that theretofore respondent had used the former hydrant. He testified, however, that his reason for not using the more convenient hydrant was because the hose which was attached to it was then in use and that he then inquired of one of appellant's employees where he might wash his hands and was directed to the more distant hydrant. The problem presented for solution is therefore whether respondent continued to occupy the status of an invitee when he left the unloading point and embarked upon the excursion heretofore described for the purpose stated. Manifestly, the admitted fact that respondent occupied the position of an invitee at the unloading point does not necessarily compel the conclusion that he continued to occupy this status when he voluntarily left this place and went to another part of appellant's premises which was not shown to have any necessary connection with the work of unloading. Although it is settled that appellant was required to furnish respondent with a reasonably safe place to work this duty was limited to the particular place where the purposes of respondent's employment required him to be. The duty did not extend to his protection in an excursion to another point on the premises unless the purpose of the excursion had some reasonable connection with the work in which he was engaged or unless he was expressly or impliedly invited by appellant to make the excursion. (*Schmidt* v. *Bauer,* 80 Cal. 565 [22 Pac. 256, 5 L. R. A. 580]; *Kennedy* v. *Chase,* 119 Cal. 637 [52 Pac. 33, 63 Am. St. Rep. 153]; *Jacobson* v. *Northwestern Pac. R. Co.,* 175 Cal. 468 [166 Pac. 3]; *Powers* v. *Raymond,* 197 Cal. 126 [239 Pac. 1069]; *Lindholm* v. *Northwestern Pac. R. R. Co.,* 79 Cal. App. 34 [248 Pac. 1033]; *State Compensation Ins. Fund* v. *Allen,* 104 Cal. App. 400, 413 [285 Pac. 1053].)

■ We do not understand that respondent contends that he was expressly invited to make the excursion which resulted in the personal injuries for which he sought compensation. Such contention would be unavailing. Although respondent testified that an employee of appellant pointed to the more distant hydrant and told him that he could wash his hands there no evidence was produced which tended to show that this employee had any authority or right to extend an express invitation to respondent to go to that place.

■ It is, however, settled that an invitation may be implied from the circumstances shown by the evidence and that the duty of an owner or occupant is as onerous when the invitation is implied as when it is express. (*Schmidt* v. *Bauer, supra; Aguilar* v. *Riverdale C. C. Assn.*, 104 Cal. App. 263, 266 [285 Pac. 889] ; *Hall* v. *Southern Cal. Edison Co., Ltd.*, 137 Cal. App. 449 [30 Pac. (2d) 1013].)

■ Under the peculiar circumstances of the instant case it must appear that the purpose of respondent in proceeding to the more distant hydrant was one of common interest or mutual benefit to appellant and respondent if the award of damages for respondent's injuries is to be sustained. (*Aguilar* v. *Riverdale C. C. Assn., supra.*) This principle was correctly stated in *Buckingham* v. *San Joaquin Cotton Oil Co.*, 128 Cal. App. 94 at 98 [16 Pac. (2d) 807], in the following language: ''An invitation to use the premises of another is inferred where there is a common interest or mutual advantage, while a license is inferred where the object is the mere pleasure or benefit of the person using them.''

Respondent contends that the purpose of respondent in making the excursion during which he sustained the injuries for which he sought compensation was one of mutual advantage to both parties. That it was of advantage to respondent is obvious. It is not so clear that it was of any advantage to appellant. Respondent urges that the natural result of the removal of the sticky grape juice from his hands would have been to render him more efficient in doing the work in which he was engaged and that thereby he could have more expeditiously performed the task assigned to him. From this it is argued that the washing of his hands was advantageous to appellant. To this argument appellant replies that it was a matter of no concern to it whether or not

respondent ever washed his hands. The record sustains appellant's position. Respondent instituted this action to recover damages to compensate him for injuries which he alleged were sustained because of appellant's negligence in failing to maintain its premises, whereon respondent worked, in safe condition. No claim was made that appellant was guilty of any act of positive negligence. The only claim was that appellant had failed to do something which it should have done. Since there was no contractual relationship between the parties respondent was compelled to contend that he was an invitee of appellant on its premises. Whether or not he occupied the status of an invitee at the time of his injury depended, finally, on the proper analysis of the purpose of his visit to the water hydrant which was located near the east wall of appellant's plant. If it may reasonably and fairly be declared that this purpose was one that was mutually advantageous to the parties the jury's implied finding that respondent was an invitee when he was injured was correct and the award of damages must be affirmed. Upon respondent, however, rested the burden of showing this mutuality of advantage. It is our opinion that respondent did not sustain the burden and that consequently the implied finding is fatally lacking in evidentiary support. As between the parties to this action we entertain the opinion from the facts disclosed by the record that the purpose of respondent's excursion was one that related solely to his own comfort and convenience. Since this is true it necessarily follows therefrom that the judgment from which this appeal has been taken must be reversed.

The judgment is therefore reversed.

Marks, Acting P. J., concurred.

Barnard, P. J., being absent, did not participate in this opinion.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 4, 1935.