[Civ. No. 1742.   Fourth Appellate District.—July 28, 1936.]

A. BRUCE, Appellant, v. THOMAS E. RISLEY, Respondent.

John D. Chinello and Leonard B. Fowler for Appellant.

Walter H. Stammer for Respondent.

JENNINGS, J.—The appeal herein is taken by the plaintiff from a judgment rendered in favor of defendant. Plaintiff instituted the action to recover damages for personal injuries sustained by him which were alleged to have been caused by defendant's negligence. Defendant by answer denied that he was guilty of any negligence which had caused plaintiff's injuries and as an affirmative defense alleged that any injuries sustained by plaintiff had been caused solely by ·plaintiff's negligence. The action was tried before a jury. Upon the conclusion of plaintiff's case defendant moved the court for a nonsuit which was denied. Defendant thereupon rested without submitting any evidence and moved the court to direct the jury to return a verdict in his favor. This motion was granted and the jury was so directed. A general verdict in defendant's favor was returned in com-

pliance with the trial court's direction and a judgment was thereupon entered in conformity with the verdict.

The record herein shows that the following facts were developed by the evidence produced by appellant during the trial: On April 24, 1934, respondent was the owner of a storeroom at 1937 Fresno Street in the city of Fresno. At the rear end of this room there was a door which opened on a platform leading to a flight of stairs which extended down into the basement of the building. The distance from the doorway to the first step of the stairs was 2 feet 6⅞ inches. With the exception of the doorway the stairs and platform were entirely enclosed by walls. Between the west side of the stairway and the west wall there was an opening having a width of one foot and one and one-half inches. Neither the platform nor the stairway was provided with a railing of any character. On the above-mentioned date the storeroom was vacant and at some time between 8 o'clock and 8:30 o'clock in the morning of said day one Mike Romano procured the keys to the storeroom from respondent stating that he was acquainted with a prospective tenant for the room. Shortly thereafter Romano gave the keys to appellant or to his brother. Some time subsequent to 9 o'clock in the morning of said day appellant, who was accompanied by one Louis Maglio, went to the aforementioned storeroom for the purpose of inspecting it, appellant having in mind leasing the room for a barber shop. The two men entered the premises through the front door thereof and walked to the rear of the room where they encountered the door which opened on the basement stairway platform. Neither of them was acquainted with the premises and believing that there was a room of some character on the other side appellant opened the door. Maglio was about to pass through the doorway but was stopped by appellant, who said: "Wait, I will light a match." Appellant thereupon lighted a match which he described as a paper match. The illumination afforded by the match enabled appellant to see that the floor beyond the doorway for a distance of about 6 inches resembled the floor of the storeroom. This match then went out and appellant lighted a second similar match and holding it in front of his face proceeded through the doorway. Appellant was unable to see anything which was more distant than 10 inches beyond him as he advanced. While he thus walked along the

platform he was endeavoring to see the side walls of the enclosure which he supposed was a room. His continued progress brought him to the edge of the platform from which he was suddenly precipitated through the opening at the side of the stairway to the basement floor, a distance of some 8 feet. As a result of the fall he sustained the injuries for which he sought to be compensated by this action.

Appellant's opening brief contains the following statement of the question which is involved on this appeal: "Did the Court err in holding that as a matter of law the plaintiff was guilty of contributory negligence and upon that contention directed the jury to return a verdict for the defendant?" Examination of the record herein impels the conclusion that the statement is substantially correct and that the sole problem presented for determination on this appeal is whether or not the evidence submitted to the trial court justified the court in holding that appellant was guilty of contributory negligence as a matter of law.

Before giving consideration to this question two preliminary assumptions will be made. First, it will be assumed, contrary to respondent's contention that, at the time appellant sustained the injuries for which he seeks to be compensated, he was an invitee of respondent on that part of the premises where the accident occurred. Indulgence in this assumption gives to appellant the benefit of certain well-established principles which apply to one who occupies the more favored status of an invitee as opposed to one who is a mere licensee. ▮ It is clear from the decisions that respondent, as owner of the premises, owed to appellant who is here assumed to have been an invitee thereon the duty of maintaining the premises in a safe condition and of exercising reasonable care in protecting appellant from injury caused by respondent's negligence. (19 Cal. Jur., p. 618; *Ingledue* v. *Davidson*, 102 Cal. App. 697, 701 [283 Pac. 837].) Respondent was not, however, an insurer of appellant's safety. The duty which he owed to appellant required him to use ordinary care in seeing that the premises were in safe condition. (*Shanley* v. *American Olive Co.*, 185 Cal. 552 [197 Pac. 793]; *Dobbie* v. *Pacific Gas & Electric Co.*, 95 Cal. App. 781, 788 [273 Pac. 630].)

The second assumption which will here be made is that respondent did not perform the above-mentioned duty and

that he was guilty of negligence in failing to see that the premises were in safe condition. It should be observed that both of the aforesaid assumptions are made for the purposes of this opinion and that neither question is here expressly decided.

Having then assumed that appellant was an invitee on the premises at the time the accident occurred and that respondent was guilty of negligence by reason of his failure to use ordinary care in the maintenance of the premises in safe condition, we are brought to a consideration of the question of the correctness of the trial court's ruling that appellant was himself guilty of contributory negligence as a matter of law. The solution of this problem necessarily depends on the state of facts which had been developed by the evidence submitted to the trial court at the time the motion for a directed verdict was presented. ■ At that time to authorize the granting of such a motion the evidence must have been undisputed or of such conclusive character that the court, in the exercise of a sound discretion, would have been compelled to set aside a verdict returned in opposition to it. It is the established rule in this state that the ruling of a trial court as to whether or not a given state of facts presented to it establishes negligence as a matter of law will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. (*Parker* v. *James Granger, Inc.*, 4 Cal. (2d) 668, 678 [52 Pac. (2d) 226].)

■ With reference to the question of appellant's contributory negligence it should be observed that there was no conflict in the evidence respecting appellant's conduct and actions immediately preceding the fall which was the immediate cause of his injuries. Two persons and only two were there present. One of them was appellant himself. The other was the man who accompanied him on the tour of inspection of the premises of which appellant was a prospective lessee. Both of these individuals testified during the trial of the cause. The testimony of these witnesses showed that appellant, who had never before visited the premises, opened the door which led to the narrow stair landing at the rear of the storeroom, that appellant's companion was about to pass through the doorway but was dissuaded by appellant, who said: "Wait, I will light a match," that appellant then lighted a paper match whose illumination enabled him to see

the floor beyond the doorway for a distance of about 6 inches and to observe that it resembled the floor of the storeroom, that this first match went out, whereupon he lighted a second similar match which he held in front of his face as he advanced through the doorway, that as he proceeded on to the stair landing he was unable to see anything that was more distant than 10 inches beyond him, that he was looking at the side walls of the small chamber which he supposed was a room as he walked along the stair landing or platform to the point from which he was precipitated to the floor of the basement.

The above-described facts impel the conclusion that appellant was himself guilty of negligence which contributed to the occurrence of the accident. Upon him rested the duty of taking ordinary care for his own safety. His conduct in proceeding through the doorway, bearing in mind his unfamiliarity with the premises, with no more aid to his vision than was furnished by the light of the small matches which he utilized and his failure to make any effort to observe the floor on which he was walking indicate that appellant did not perform the duty imposed upon him. It is evident that he appreciated the possibility of danger in proceeding into the darkness without any light for he stopped his companion from proceeding through the doorway and lighted the matches. It is obvious, however, that the very slight illumination thus afforded gave entirely insufficient aid to the vision of a person who was cognizant of the possibility of danger. His continued advance without making any effort to see what lay on the floor beyond him shows that he took no greater care for his own safety than he would have taken if he had walked through the doorway and onto the stair landing without having lighted any matches. The impenetrable darkness which surrounded the stair landing was in itself a sufficient warning to appellant who had never before visited the premises that if he proceeded through the doorway without sufficient illumination to enable him to see what lay beyond he would do so at his own risk. (*Powers* v. *Raymond*, 197 Cal. 126, 131 [239 Pac. 1069]; *Hilsenbeck* v. *Guhring*, 131 N. Y. 674 [30 N. E. 580]; *Rohrbacher* v. *Gillig*, 203 N. Y. 413 [96 N. E. 733].) As heretofore remarked, it is evident that appellant fully appreciated the force of this warning. There was no evidence which indicated that there

was any emergency or stress of circumstances which rendered it necessary or even desirable that he should proceed without making any greater effort than he did to discover where he was going and what obstructions might exist to render his further progress unsafe. It is our conclusion that the above-mentioned facts indicate that the trial court was not guilty of an abuse of discretion in granting the motion for a directed verdict.

The judgment from which this appeal has been taken is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.