[Civ. No. 14323.   Second Dist., Div. Two.   Feb. 23, 1944.]

NORA IRENE DeLAY, Respondent, v. W. M. BRAUN et al., Appellants.

Baldwin Robertson for Appellants.

Joseph A. Spray, Henry F. Walker and Edgar B. Hervey for Respondent.

MOORE, P. J.—Prior to June 5, 1942, plaintiff's daughter, Thelma Lloyd, consulted Helen Braun with reference to tutoring her niece, Darlene DeLay. On that day plaintiff, accompanied by her daughter, Mrs. Lloyd, and her granddaughter, Darlene, called at the home of defendants on Camarillo Street in Van Nuys, a part of greater Los Angeles. Her purpose then was to discuss further with Mrs. Braun the assistance to be rendered Darlene. Plaintiff left her automobile at the curb and entered the premises alone. Having reached the front porch by walking on the driveway she rang the doorbell. No one appearing, plaintiff stepped into the driveway which extends northerly along the east side of the house from the street to the garage in the rear. She took five or six steps toward the garage. At that point for the first time she saw defendant's dog approaching her. It jumped upon plaintiff, knocked her down and with its teeth severely lacerated plaintiff's hand and held it until in answer to her screams her two companions arrived.

The award of damages to plaintiff was based upon Act 384a, Deering's General Laws [Stats. 1931, p. 1095], which provides that the owner of a dog shall be liable for damages suffered by a person who in any public place or while lawfully in a private place is bitten by the dog. No question is raised as to the amount of the judgment. Neither is the status of plaintiff's presence on entering the premises put in doubt. The only contention made on this appeal is that plaintiff, in "strolling" along the driveway from the front porch toward the rear of the house, became a trespasser.

An entry upon the land of another is privileged insofar as it is pursuant to the possessor's free consent. (Sec. 167

Rest. of the Law of Torts.) ■ The owner of land is ordinarily liable to an invitee for failure to use reasonable care for his safety. (16 Cal.Jur. 282.) ''Every man by implication invites others to come to his house as they may have proper occasion.'' (Cooley on Torts, fourth edition, sec. 248.) ■ One who enters premises pursuant to a general invitation to discuss employment is an invitee and entitled to protection as such. (45 C.J. 820.) ■ When an invitee deviates from the purpose which took him to premises he becomes a trespasser or a licensee and the owner's duty to exercise ordinary care as to him ceases. (*Means* v. *Southern Cal. Railway Co.*, 144 Cal. 473 [77 P. 1001, 1 Ann.Cas. 206] ; *Bush* v. *Weed Lumber Co.*, 63 Cal.App. 426, 433 [218 P. 618] ; *Powers* v. *Raymond*, 197 Cal. 126, 131 [239 P. 1069] ; *Kennedy* v. *Chase*, 119 Cal. 637 [52 P. 33, 63 Am.St.Rep. 153] ; *Lawand* v. *California Products Co.*, 9 Cal.App.2d 147 [48 P.2d 979] ; *Medcraft* v. *Merchants Exchange*, 211 Cal. 404 [295 P. 822] ; *Mazey* v. *Loveland*, 133 Minn. 210 [158 N.W. 44, L.R.A. 1916 F 279] ; *Spellman* v. *Dyer*, 186 Mass. 176 [71 N.E. 295].) ■ Whether an invitee while on the premises made an excursion beyond the limits of his original purpose is a question of fact to be determined by the trial court. (*Koppelman* v. *Ambassador Hotel Co.*, 35 Cal.App.2d 537 [96 P.2d 196]; *Bush* v. *Weed Lumber Co.*, 55 Cal.App. 588, 592 [204 P. 24].) Where there are facts or reasonable inferences to support a finding on that issue it is final. (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427 [45 P.2d 183].) ■ A mere licensee on premises is lawfully there. But since we have concluded that respondent continued to be an invitee, it is unnecessary to discuss the rights of a licensee.

If respondent's invitation included the privilege of making an inquiry at the rear of the house, she was at all times an invitee. (*Stewart* v. *Lido Cafe*, 13 Cal.App.2d 46 [56 P.2d 553].) Such invitation may have been manifested by the arrangement of the premises (*Herzog* v. *Hemphill*, 7 Cal.App. 116 [93 P. 899]), by the nature of Mrs. Braun's vocation and by the purpose of the visit.

■ It was therefore in this case a question of fact for the trial court to determine from the evidence whether Mrs. DeLay had deviated from the purpose of her visit when she walked toward the rear of the house. (*McStay* v. *Citizens National Trust & Savings Bank*, 5 Cal.App.2d 595, 599 [43 P.2d 560].) ■ The facts and reasonable inferences were suf-

ficient to support the finding that she was not a trespasser at the time she was attacked by the dog. On stepping into the driveway she saw that the garage was open and she looked to ascertain whether the automobile was there. It was a reasonable inference that plaintiff was in the act of reassuring herself as to whether Mrs. Braun was at home. Such measures are customary in calling at a residence. She was therefore at the time of the dog's attack lawfully on the premises of defendants.

The judgment and the order denying defendants' motion for an order setting aside and vacating the judgment theretofore made, and to enter another and a different judgment in favor of defendants are affirmed.

Wood (W. J.), J., and McComb, J., concurred.

A petition for a rehearing was denied March 14, 1944, and appellants' petition for a hearing by the Supreme Court was denied April 20, 1944. Traynor, J., and Schauer, J., voted for a hearing.