[Civ. No. 16241. Second Dist., Div. Two. June 29, 1948.]

ADELAIDE NEWMAN, Respondent, v. FOX WEST COAST THEATRES (a Corporation) et al., Defendants; FOX BELMONT THEATRE CORPORATION, Appellant.

Sidney A. Moss and Henry F. Walker for Appellant.

Maddox & Vaughn, A. Stewart Maddox, Jr., and Arthur Strock for Respondent.

MOORE, P. J.—Plaintiff sued appellant Fox Belmont Theatre Corporation and its manager, Scot H. Brown, for damages allegedly resulting from personal injuries suffered by reason of the negligent conduct of defendants. The jury returned a verdict against plaintiff in favor of defendant Brown but in favor of plaintiff against the corporation which appeals from the ensuing judgment.

On the night of the accident respondent and her sister, Edith, accompanied June Bachelder, Edith's daughter, to appellant's theater where defendant Brown, a friend of June, was manager. Brown greeted the party and directed the doorman to admit them without tickets. At the 10:29 break between the main features the three women left the auditorium and stood in the foyer, smoking. At the commencement of the second feature, while respondent returned to her seat, Edith entered the ladies' rest room where she encountered two women, one apparently very ill. There were wet paper towels and blood on the floor; also considerable water extending to the lavatory door. Edith returned to the foyer and reported her observations to her daughter. June thereupon visited the wash room and observed the women and the wet floor. One woman requested aid in getting transportation home. June returned to the foyer, thence visited Brown's office by use of an outside stairway, and reported the condition of the lavatory floor, the illness of the woman there and the latter's need for transportation. After dispatching the two women in a taxicab, without looking into the ladies' washroom, Brown and June returned to his office where they visited for about 45 minutes. Edith had in the meantime joined respondent in the auditorium, but did not mention the two women or the condition of the washroom. Thirty minutes later

respondent visited the ladies' rest room and, upon entering, slipped and fell, receiving the injuries complained of.

Appellant contends that (1) respondent having paid no admission to the theater was not a business visitor but at best a licensee; (2) no actionable negligence was established; (3) the exoneration of its manager Brown necessarily relieved appellant of liability; (4) the trial court erred in giving and refusing certain instructions.

 Appellant contends that respondent as a mere licensee took the premises in the condition in which she found them, and that it is not responsible to respondent as a licensee for injury resulting merely from a condition of the property. It is unnecessary, however, to discuss this question at any length. Even if it is assumed that respondent was a licensee rather than an invitee, appellant's thesis is based upon a general rule of law which has no application to the facts here involved. While a number of California decisions have held that the duty owed by the owner or occupant of premises to a licensee is not much greater than that owed to a trespasser, to wit, that the licensee assumes the risks incident to the condition of the premises, and can recover only for "wilfull or wanton injury" (*Powers* v. *Raymond*, 197 Cal. 126 [239 P. 1069]; *Giannini* v. *Campodonico*, 176 Cal. 548 [169 P. 80]; *Means* v. *Southern California Ry. Co.*, 144 Cal. 473 [77 P. 1001, 1 Ann. Cas. 206]; *Hall* v. *Southern California Edison Co.*, 137 Cal. App. 449 [30 P.2d 1013]), in *Oettinger* v. *Stewart*, 24 Cal.2d 133, 138 [148 P.2d 19, 156 A.L.R. 1221], it was announced that such cases were disapproved, and the court held "that in cases involving injury resulting from active conduct, as distinguished from condition of the premises, the landowner or possessor may be liable for failure to exercise ordinary care toward a licensee whose presence on the land is known or should reasonably be known to the owner or possessor. (Rest., Torts, § 341; Prosser on Torts, [1941], 630; 45 C.J. 803-805.)'' Thus where the presence of a licensee is or should be known there is a duty to carry on activities with reasonable care. In thus holding the Supreme Court revived the rule enunciated as early as 1913 in *Lucas* v. *Walker*, 22 Cal.App. 296, 301 [134 P. 374, 379], where it was decided that a licensee may recover for "active negligence" or "an overt act of negligence" as distinguished from a "passive negligence." That rule has been approved in a number of subsequent decision: *Yamauchi* v. *O'Neill*, 38 Cal.App.2d 703, 707 [102 P.2d 365];

*Gay* v. *Cadwallader-Gibson Co.*, 34 Cal.App.2d 566, 570 [93 P.2d 1051]; *Smith* v. *Western Pac. R. Co.*, 36 Cal.App.2d 433, 436 [97 P.2d 863]; *Dunlavy* v. *Nead*, 36 Cal.App.2d 478, 482 [97 P.2d 1003].

The authorities are not in accord in determining what constitutes "active negligence" and what constitutes "passive negligence," but there can be no doubt that active negligence is a dereliction of duty. In the instant case it may be assumed that respondent, as a licensee, was obliged to accept the premises as she found them when she entered. But she was entitled to presume that the premises would remain in the relatively safe condition in which she found them when she entered. That there was no water or any foreign substance on the floor of the washroom at the time respondent entered the theater is established by the testimony of defendant's usherette who inspected the washroom four times that evening. Admittedly the extent of appellant's obligation to respondent as a licensee was to use ordinary care; but when, after her entrance, there occurred on the premises a new condition involving greater risk of injury to a visiting patron, there also arose a new duty of appellant to rectify that condition or to warn such patron of that condition and the risk involved therein. This is so because appellant, through its agent Brown, knew of the altered condition of the washroom before respondent was injured. Not only did Brown know of the condition of the washroom floor but, having dispatched the ill woman and her companion, he had ample time to mop up the water prior to respondent's injury. Instead he returned to his office where he visited with Miss Batchelder for at least a half hour. By his own testimony he would not have allowed a girl assistant to mop the floor, stating that if it had been done "I would have had to do it myself."

Under the facts disclosed appellant finds itself fettered by principles long established and its liability unavoidable. The occupant of a building must compensate for bodily injuries caused to a gratuitous licensee by either a natural or an artificial condition if such occupant knows of it and realizes that it is an unreasonable risk to a visitor in the building and has reason to suspect that the latter will not discover the condition or realize the danger. Under such conditions it becomes the duty of such occupant to warn the visitor of his peril and risk or reasonably attempt to remove the dangerous condition or to exclude him from the premises. (Rest., Torts, § 342.)

But the decision of this appeal is not dependent upon the rule laid down by section 342 of the Restatement. The washroom was within the area covered by respondent's license. It was therefore incumbent upon appellant to expect that respondent would encounter the danger in the reasonable exercise of her license. Since the water spread over the floor of the lavatory after respondent had entered the theater and her accident occurred some time after appellant's manager had time to remove the peril, appellant's liability was fixed by the rule announced in *Yamauchi* v. *O'Neill,* 38 Cal.App.2d 703, 708 [102 P.2d 365] and *Oettinger* v. *Stewart,* 24 Cal.2d 133, 138 [148 P.2d 19, 156 A.L.R. 1221], to wit: the duty owed by the licensor is to exercise ordinary care.

Appellant further contends that exoneration of defendant Brown necessarily relieves the corporation. The proof was that although a company rule required that the manager and an assistant be on the floor at all breaks, since one person was not sufficient in case of an emergency, but that on the night of the accident the last of the usherettes had left the theater before the accident leaving only Brown and the projectionist on duty. Thus the announced policy of appellant indicated an awareness of the need for adequate supervisory personnel. The jury therefore could have found that failure to have sufficient personnel efficiently to maintain the large theater in a safe condition was the proximate cause of the accident, and a verdict against the corporation and an acquittal of the manager is sufficient to sustain a judgment against the defendant corporation. (*Ellis* v. *Owen Roofing Co., Inc.,* 6 Cal.App.2d 25, 27 [43 P.2d 558].)

As a final ground for reversal defendant urges that the court erred in the granting and refusal of certain instructions. He specifies as prejudicial the following: ''While there are two defendants in this action, it does not follow from that fact alone that if one is liable, both are liable. Each is entitled to a fair consideration of his own defense and is not to be prejudiced by the fact, if it should become a fact, that you find against the other. The instructions given you govern the case as to each defendant, to the same effect as if he were the only defendant in the action, and regardless of whether reference is made to defendant or defendants in the singular or plural form.'' As already noted, appellant could have been found liable to plaintiff notwithstanding the exoneration of defendant Brown. Presupposing such a contingency the above

quoted instruction is neither erroneous nor prejudicial. ██ Nor was it error to deny a directed verdict in defendants' favor. Such a verdict would have been contrary to the applicable law and facts as brought out by the evidence and testimony at the trial.

██ Appellant also contends that the court's refusal to instruct as requested upon the issue of contributory negligence was error. This is apparently on the theory that since plaintiff's sister and niece had seen the water on the washroom floor plaintiff also should have looked, and that if she had looked she would have seen it. Such a theory overlooks the fact that when plaintiff entered the washroom the ill woman and her companion had departed; and since Edith had not reported to her the floor's condition there was nothing to forewarn plaintiff that anything was amiss. The instruction given (B.A.J.I., No. 140) adequately covered the issue of contributory negligence.

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 26, 1948. Edmonds, J., Schauer, J., and Spence, J., voted for a hearing.