[Civ. No. 19021. Second Dist., Div. Two. Oct. 2, 1952.]

FRANK E. ROBINSON, Appellant, v. IRVING KING et al., Respondents.

Richard Richards for Appellant.

Moss, Lyon & Dunn, Sidney A. Moss and Henry F. Walker for Respondents.

McCOMB, J.—From a judgment directing a verdict in favor of defendants after trial before a jury in an action to recover damages for injuries resulting from the alleged negligence of defendants, plaintiff appeals. There is also a purported appeal from the order denying plaintiff's motion for a new trial.

*Facts:* Plaintiff, a licensed plumber, was employed by defendants to install certain plumbing and do repair work in connection therewith on a hotel of defendants' known as the Ohio Hotel. Specifically he was hired to install a boiler, heater and the regular pipe work in connection therewith.

The work was done in an area of the hotel below the street level and generally toward the rear thereof. When the job was nearly completed plaintiff visited the premises to inspect the work which his employees had done. It was customary for him, when the work had been completed, to "bleed the lines," an operation consisting of finding the spigots and turning them on so that impurities and air would be let out.

Plaintiff entered a large refrigeration or loading room where considerable work had been performed in assembling parts and materials for installation. In this room he found no spigots which were in working order. The only light in the room was furnished by a single electric bulb near the front of the room and some daylight which came through the open doors, also at the front of the room. He went toward the back looking for spigots and particularly for a washroom where they would probably be located. As he approached the rear of the room he could see a doorway in the dim light which he thought was the entrance to a washroom. He went

to this doorway, reached inside for a light switch and finding none stepped through the doorway and fell headlong down a steep flight of stairs. There was no light provided immediately in front or immediately inside of the open stair well, there was no door, sign or other guard to the entrance to the flight of stairs. As a result of the fall plaintiff was seriously injured.

*Questions:* First: *Did the trial court err in directing a verdict in favor of defendants?*

*No.* This rule is applicable: Where plaintiff's evidence discloses as a matter of law that plaintiff has been contributorily negligent the trial court is authorized to direct a verdict in favor of defendant. (*Bruce* v. *Risley,* 15 Cal.App.2d 659, 663 [2] [59 P.2d 847]. *Cf., Blodgett* v. *B. H. Dyas Co.,* 4 Cal. 2d 511, 513 [4] [50 P.2d 801].)

Second: *Was plaintiff contributorily negligent as a matter of law?*

*Yes.* Where an invitee on premises, being unfamiliar therewith, proceeds into a place of impenetrable darkness and falls into an aperture and is injured, as a matter of law he does not exercise ordinary care for his own safety and hence any injury he receives is the result of his own contributory negligence for which he may not recover. (*Medcraft* v. *Merchants Exchange,* 211 Cal. 404, 406 [1] [295 P. 822]; *Bruce* v. *Risley, supra,* 663 [3].)

The rule is thus accurately stated in volume I, Sherman & Redfield on Negligence (Revised ed.—1941), section 131, "A person who comes into an unfamiliar situation, where a condition of darkness renders the use of his eyesight ineffective to define his surroundings, is not justified, in the absence of any special stress of circumstances, in proceeding further, without first finding out where he is going and what may be the obstructions to his safe progress. Violation of that rule is contributory negligence as a matter of law."

The foregoing rule is applicable to the facts of the present case which were well summarized by Judge Kincaid, the trial judge, in granting the motion for a directed verdict, as follows:

"In so regarding the evidence in this case we find that this plaintiff was employed as an independent contractor to do plumbing work on the premises; and further indulging the plaintiff with every possible inference in his favor, for the purpose of this motion, we must assume that he was an invitee

on the premises, even to the point of this opening from the loading room to other adjacent rooms or parts of the premises.

"The evidence however, discloses that the plaintiff, with full knowledge of the fact that the lighting was inadequate even in the loading room, proceeded directly through this opening, with realization of the fact that it was so dark that he could not see the floor inside of the opening, could not see whether or not there were any lights, could not see at all as to what was beyond the opening. He felt for the light switches, and not finding them, chose to step into and through the opening in the darkness, without lighting a match or having any aid by way of light in any manner whatsoever."

*Stewart* v. *Lido Cafe,* 13 Cal.App.2d 46 [56 P.2d 553], *Koppelman* v. *Ambassador Hotel Co.,* 35 Cal.App.2d 537 [96 P.2d 196], *Sanders* v. *City of Long Beach,* 54 Cal.App.2d 651 [129 P.2d 511], *Newman* v. *Fox West Coast Theaters,* 86 Cal.App.2d 428 [194 P.2d 706], *Wukaloff* v. *Malibu Lake Mountain Club, Ltd.,* 96 Cal.App.2d 147 [214 P.2d 832], *Tschumy* v. *Brook's Market,* 79 Cal.App.2d 556 [180 P.2d 933], and *Golceff* v. *Sugarman,* 36 Cal.2d 152 [222 P.2d 665], relied on by plaintiff, are each factually distinguishable from the instant case.

No useful purpose would be subserved by setting forth the differences in the facts of the present case and in the cited cases for the reason that, as often stated, each case must be determined upon its own set of facts with the relevant principles of law.

The purported appeal from the order denying a motion for a new trial, since such order is nonappealable, is dismissed. (See cases cited in 5 West's Cal.Dig. (1951), Appeal and Error, § 110, p. 134 et seq.)

The judgment is affirmed.

Moore, P. J., and Fox, J., concurred.