[Sac. No. 6919.   In Bank.   Jan. 9, 1959.]

ALFRED W. GOMES, Appellant, v. SELMA F. E. BYRNE,
Respondent.

P. M. Barceloux, Burton J. Goldstein, Goldstein, Barceloux & Goldstein, James William Morgan and Jordan M. Peckham for Appellant.

Albert M. King, Harry Dierup and Dorothy D. McKalson for Respondent.

SPENCE, J.—Plaintiff sought damages under the so-called Dog Bite Statute (Civ. Code, § 3342) for injuries inflicted by defendant's dog. Following a trial without a jury, judgment was entered for defendant. Plaintiff appeals from said judgment and from the order denying his motion for a new trial. The latter order is not appealable and therefore the purported appeal therefrom must be dismissed. (Code Civ. Proc., § 963.)

Defendant is a practical nurse and uses her premises as a private nursing home. At the time of the occurrence, the house and yard were surrounded by a wire fence with a closed gate. A path led from the gate to the front door. No signs were posted on the premises indicating that peddlers or solicitors were unwelcome, nor was there any sign warning of a vicious dog.

Plaintiff, a salesman for the Fuller Brush Company, was canvassing in the neighborhood of defendant's home. As he walked along the sidewalk approaching the gate leading to defendant's door, the dog in the enclosed yard followed him along the inside of the fence for about 50 feet, barking continuously all the way. Plaintiff nevertheless opened the gate and walked into the yard, whereupon the dog bit him on the right lower leg, causing a puncture wound and superficial abrasions. Defendant, having heard the dog barking, went to the door and met plaintiff as he came up the steps. Plaintiff said that the dog had bitten him; defendant expressed her sorrow at the mishap; and plaintiff responded with the statement that it was one of "the hazards of the game." Plaintiff gave defendant a catalogue and left. The next day plaintiff again called at defendant's home and at that time defendant bought some merchandise from him.

Section 3342 of the Civil Code provides: ''The owner of any dog is liable for the damages suffered by any person who is bitten by the dog while in a public place or lawfully in a private place, including the property of the owner of the dog, regardless of the former viciousness of the dog or the owner's knowledge of such viciousness. A person is lawfully upon the private property of such owner within the meaning of this section when he is on such property . . . upon the invitation, express or implied, of the owner.''

The trial court's denial of recovery was based upon findings that (1) plaintiff was not a business visitor or invitee on the premises; (2) that plaintiff was negligent in entering defendant's premises; and (3) that plaintiff assumed the risk. Since we have concluded that the record sustains the finding that plaintiff assumed the risk, it is unnecessary to consider his contention that he was lawfully on the premises or his further contention that contributory negligence is not a bar to recovery under the Dog Bite Statute.

In adopting section 3342 of the Civil Code, the Legislature did not intend to render inapplicable such defenses as assumption of risk or wilfully invited injury. Therefore those defenses are available in all proper cases. (See *Smythe* v. *Schacht*, 93 Cal.App.2d 315, 321 [209 P.2d 114]; see also 2 Harper and James, The Law of Torts (1956) § 14.12, pp. 843-845.)

Plaintiff contends that the defense of assumption of risk is not available here because there was no showing that the dog had a history of viciousness or that plaintiff knew of that history. He argues that the knowledge required of a plaintiff before he can be held to have assumed the risk is identical to that which had been required to impose liability on the owner of the dog prior to the enactment of section 3342 of the Civil Code. We have concluded that plaintiff's position cannot be sustained.

The ''elements of the defense of assumption of risk are a person's knowledge and appreciation of the *danger* involved and his voluntary acceptance of the risk.'' (*Prescott* v. *Ralphs Grocery Co.*, 42 Cal.2d 158, 162 [265 P.2d 904]; emphasis added.) Thus if plaintiff recognized the *danger* that the dog would bite him, his knowledge was sufficient although he did not know whether the dog had a history of viciousness.

Plaintiff claims, however, that there was no showing

that he had actual knowledge of that danger. It may be assumed for the purpose of this discussion that the defense of assumption of risk is not available unless the plaintiff had actual knowledge, as distinguished from constructive notice, of the risk. (See *Prescott* v. *Ralphs Grocery Co., supra,* 42 Cal.2d 158, 162; *Sloboden* v. *Time Oil Co.,* 131 Cal.App.2d 557, 562 [281 P.2d 85]; 35 Cal.Jur.2d, Negligence, § 277, p. 823; Comment, 10 So. Cal. L. Rev. 67, 74.) But actual knowledge of the risk may be inferred from the circumstances. (*Ching Yee* v. *Dy Foon,* 143 Cal.App.2d 129, 138-139 [299 P.2d 668].)

▮ Here the dog had followed plaintiff along the fence for 50 feet, barking all the way. Under these circumstances, the risk was obvious. Notwithstanding the dog's display of hostility, plaintiff elected to leave his place of safety upon the public sidewalk and to enter upon defendant's enclosed private property. In so doing, he voluntarily exposed himself to the obvious hazard. It was a calculated risk on plaintiff's part, or, as he expressed it, one of the "hazards of the game." We therefore conclude that the trial court's finding that plaintiff assumed that risk is amply supported by the evidence.

The purported appeal from the order denying a new trial is dismissed, and the judgment is affirmed.

Gibson, C. J., Shenk, J., and Traynor, J., concurred.

CARTER, J.—I dissent.

I find nothing in the record to support the trial court's finding that the plaintiff assumed the risk. As the majority correctly points out, one of the elements of the defense of assumption of risk is knowledge of the danger involved. This element is clearly absent in this case.

The majority has held that "the risk was obvious." The sole predicate for its position is that "the dog had followed plaintiff along the fence for 50 feet, barking all the way." To hold that this single piece of evidence is sufficient to show that the plaintiff had knowledge of the danger is unrealistic and erroneous.

One does not have to be an expert on dogs to know that a dog that barks is not necessarily vicious or dangerous. When a dog barks and runs alongside of a passer-by, more often than not it is only being playful and seeking attention. Action of this sort by a dog, barring other circumstances, is not a sufficient basis from which to draw an inference that the passer-by

has actual knowledge that the dog might bite. It is so common and harmless as to not alarm him at all.

There are additional facts which vitiate such an inference. The dog was a small dog about a foot high and was not one of the breeds known to be either vicious by nature or normally thought to be vicious or dangerous. Throughout the trial, in fact, defendant's counsel, apparently attempting to underplay the fact that the dog bit the plaintiff, referred to it as "the little dog." Also, no signs had been posted warning of the dog. As has been pointed out above, the only evidence upon which the finding of actual knowledge is based is that the dog barked at the plaintiff. Under all the circumstances, this is not sufficient.

The finding of the trial court that the plaintiff was negligent in entering defendant's premises is similarly erroneous. The record is devoid of evidence indicating that the plaintiff was negligent in any way. However, even if there was such evidence, it appears that ordinary contributory negligence is not a defense to liability under Civil Code, section 3342. (See *Smythe* v. *Schacht*, 93 Cal.App.2d 315, 322 [209 P.2d 114].)

The third finding that the trial court made a basis for denial of recovery was that the plaintiff was not a business visitor or invitee on the premises. This also appears to be incorrect.

Salesmen are considered invitees when they come to a place which they have good reason to believe is open for possible dealings with them. (Prosser, Law of Torts, p. 457.) In this case the plaintiff was selling products which he could reasonably believe would be useful to the defendant, and in which she would be interested. Moreover, defendant had not posted signs indicating that peddlers and salesmen were unwelcome. In light of these facts, the plaintiff was justified in believing that defendant's premises were open to him. "Every man, by implication invites others to come to his house as they may have proper occasion either of business or courtesy or information, etc." (*Duval* v. *Rowell*, 124 Cal.App.2d Supp. 897, 901 [269 P.2d 249]; *DeLay* v. *Braun*, 63 Cal.App.2d 8, 10 [146 P.2d 32]; *Cambou* v. *Marty*, 98 Cal.App. 598, 601 [277 P. 365].) It seems clear that the plaintiff was lawfully on the defendant's premises.

I would reverse the judgment.

Schauer, J., and McComb, J., concurred.