[No. B021855. Second Dist., Div. Five. Sept. 5, 1986.]

TRAVIS WILLENBERG et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
DAVID WEULE, Real Party in Interest.

**COUNSEL**

Early, Maslach, Nutt & Peterson, Lynn R. Eastman, Greines, Martin, Stein & Richland and Irving H. Greines for Petitioners.

No appearance for Respondent.

Hurley, Grassini & Wrinkle and Roland Wrinkle for Real Party in Interest.

**OPINION**

**ASHBY, J.**—Petitioners, defendants in a personal injury action, seek a writ of mandate directing the respondent court to grant their motion for summary judgment. We hold that petitioners are entitled to summary judgment and accordingly direct the issuance of a peremptory writ of mandate.

Petitioners are the owners of a half-Doberman, half-German Shepherd dog named Pebbles. Real party (plaintiff) is Pebbles' veterinarian. Plaintiff had treated Pebbles throughout her puppyhood without incident, and the dog never exhibited any violent propensities. During a visit to plaintiff's office on March 24, 1984, Pebbles got away from her owner (petitioner Travis Willenberg) and leaped onto plaintiff. Plaintiff managed to fend her off but she jumped on plaintiff again, forcing plaintiff to "wrestle her down." In doing so plaintiff injured his shoulder. Pebbles did not bite plaintiff, one factor which plaintiff claims distinguishes this case from *Nelson* v. *Hall* (1985) 165 Cal.App.3d 709 [211 Cal.Rptr. 668].

The plaintiff in *Nelson* was a veterinarian's assistant who filed suit after being bitten by a "patient" who had not previously exhibited any violent tendencies. The dog's owners moved for summary judgment on the ground that dog bites were an inherent risk of the veterinary profession. In affirming the summary judgment in favor of defendants, the court, referring to the declaration of plaintiff's employer, stated: "[I]t is generally accepted in the veterinary profession that any animal may react strangely or dangerously while receiving treatment, regardless of its behavior in the home environment. A veterinarian cannot assume a normally gentle dog will act gently while receiving treatment." (*Nelson* v. *Hall, supra,* 165 Cal.App.3d at p. 712.)

The court concluded that "[a] veterinarian or a veterinary assistant who accepts employment for the medical treatment of a dog, aware of the risk that *any* dog, regardless of its previous nature, might bite while being treated,

has assumed this risk as part of his or her occupation." (*Nelson* v. *Hall,* *supra,* 165 Cal.App.3d at p. 715, italics in original.) In a footnote, the court stated: "We emphasize that the defense of assumption of the risk extends only to the danger which the injured person has *knowingly* assumed; i.e., the danger the dog will bite *while being treated.*" (*Id.,* at p. 715, fn. 4, italics in original.)

■ Seizing upon this dictum of the *Nelson* case, plaintiff argues that *Nelson* does not apply here because (1) while dog bites may be an inherent, known risk of the veterinary profession, being leaped upon by a dog is not; and (2) Pebbles was not undergoing treatment at the time the attack occurred, but was merely sitting on the examination table and leaped at plaintiff when he entered the room. The court below found that "questions of fact exist as to whether this [type of attack] was a risk known to the plaintiff and voluntarily assumed by him."

We hold that *Nelson* is dispositive of this case and the respondent court abused its discretion in denying defendants' motion for summary judgment. The point of the *Nelson* case is that a visit to the veterinarian's office can bring about unpredictable behavior in a normally docile animal, and this is an inherent risk which every veterinarian assumes.[1]

Let a peremptory writ of mandate issue directing the respondent court to vacate its order of June 16, 1986, denying the motion of defendants for summary judgment, and enter a new and different order granting said motion.

Feinerman, P. J., and Hastings, J., concurred.

---

[1]Of course, a dog owner would not be shielded from liability if he knew that the dog has a propensity toward vicious behavior and concealed this from the veterinarian. (See *Nelson* v. *Hall, supra,* 165 Cal.App.3d at p. 715, fn. 4.)