[No. C011785. Third Dist. Dec. 23, 1992.]

JUDITH C. DAVIS, Plaintiff and Appellant, v.
RANDY GASCHLER et al., Defendants and Respondents.

COUNSEL

Anthony G. Arlen for Plaintiff and Appellant.

Greve, Clifford, Deipenbrock & Paras, Gary S. Decker and William L. Baker for Defendants and Respondents.

OPINION

SIMS, J.—In this action for damages arising from a dog bite, plaintiff Judith C. Davis appeals from a summary judgment entered in favor of the dog's owners, defendants Randy Gaschler and Linda Gaschler, on the ground that plaintiff's reasonable implied assumption of the risk provided a complete defense. We will conclude recent California Supreme Court authority on the subject compels reversal of the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from the trial court's ruling:

"On January 7, 1988, Mrs. Arleane Cumbra and her daughter, Mrs. Beauchamp, who are independent witnesses and not parties to this action, came upon a dog lying in Missouri Flat Road which had apparently been hit by a car. They stopped, wrapped the dog in a blanket because they believed an injured animal might 'bite and fight,' and were attempting to load the dog into the back of their car.

"Plaintiff was driving down the road and noticed these women in the process of assisting the dog. Plaintiff is and has been an experienced breeder and handler of dogs for over ten years. Plaintiff pulled her car over, told the women that she was experienced in handling dogs, and began instructing the women on how to wrap the animal and load it into the car. Plaintiff does not dispute that she 'stopped to take over the situation.' The women followed her instructions. While rendering this aid, the dog bit plaintiff on the hand.[1]

"The dog [which had not been vaccinated] was examined for rabies and the initial tests were equivocal, with some indication that the dog might be rabid. Nine months later, confirmatory tests were negative for rabies.

"Because the initial tests were equivocal, plaintiff was contacted and underwent a series of in[n]oculations for rabies. Plaintiff filed an action for

---

[1] It is undisputed that defendants are the dog's owners, and the dog was loose on the day in question. Apparently, defendants were not present at the scene and were unaware of these events at the time they occurred.

negligence and negligent infliction of emotion[al] distress against defend-ants, owners of the animal, claiming that her arthritic condition, fatigue, and depression were caused by the dog bite and/or rabies treatment."

Plaintiff's first cause of action was labeled "Strict Liability" but alleged both strict liability under the "dog bite statute" (Civ. Code, § 3342[2]) and negligence in allowing the dog to roam loose.

Defendants moved for summary judgment on alternative grounds that (1) Civil Code section 3342 did not apply to the facts of this case; (2) plaintiff's assumption of the risk provided a complete defense to both strict liability and negligence; and (3) there was no proximate causation.

The trial court entered judgment in favor of defendants on the ground that plaintiff's reasonable implied assumption of the risk barred recovery. Plaintiff appeals.

DISCUSSION

I

In order to warrant summary judgment, a defendant must establish as a matter of law that none of the plaintiff's asserted causes of action can prevail. (Code Civ. Proc., § 437c; *Molko* v. *Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46].) Our review is de novo. (*Saldana* v. *Globe-Weis Systems Co.* (1991) 233 Cal.App.3d 1505, 1511-1513 [285 Cal.Rptr. 385].)

II

The California Supreme Court has recently filed two opinions discussing the question whether the doctrine of reasonable implied assumption of the risk survives comparative negligence principles announced in *Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393]. ██ The new cases are *Knight* v. *Jewett* (1992) 3

---

[2]Civil Code section 3342, subdivision (a), provides in part: "The owner of any dog is liable for the damages suffered by any person who is bitten by the dog while in a public place or lawfully in a private place, including the property of the owner of the dog, regardless of the former viciousness of the dog or the owner's knowledge of such viciousness. . . ."

Cal.4th 296 [11 Cal.Rptr.2d 2, 834 P.2d 696] and *Ford* v. *Gouin* (1992) 3 Cal.4th 339 [11 Cal.Rptr.2d 30, 834 P.2d 724].[3]

In *Ford*, Justice Arabian authored a lead opinion in which no other justice joined. In *Knight*, Justice George penned the lead opinion in which Chief Justice Lucas and Justice Arabian concurred. Justice Mosk provided a majority vote with a concurring opinion that agreed for the most part with the lead opinion. (*Knight*, *supra*, 3 Cal.4th 296 at p. 321 (conc. & dis. opn. of Mosk, J.).) Because *Knight* commands a strong plurality, and because it speaks generally to the doctrine of implied assumption of the risk, we will follow *Knight* here.

According to *Knight*, scenarios involving assumption of the risk can be grouped in two categories: "(1) those instances in which the assumption of risk doctrine embodies a legal conclusion that there is 'no duty' on the part of the defendant to protect the plaintiff from a particular risk—the category of assumption of risk that the legal commentators generally refer to as 'primary assumption of risk'—and (2) those instances in which the defendant does owe a duty of care to the plaintiff but the plaintiff knowingly encounters a risk of injury caused by the defendant's breach of that duty—what most commentators have termed 'secondary assumption of risk.' [Fn.]" (*Knight*, *supra*, 3 Cal.4th at p. 308.)

*Knight* continued: "Although the difference between the 'primary assumption of risk'/'secondary assumption of risk' nomenclature and the 'reasonable implied assumption of risk'/'unreasonable implied assumption of risk' terminology embraced in many of the recent Court of Appeal decisions may appear at first blush to be only semantic, the significance extends beyond mere rhetoric. First, in 'primary assumption of risk' cases—where the defendant owes no duty to protect the plaintiff from a particular risk of harm—a plaintiff who has suffered such harm is not entitled to recover from the defendant, whether the plaintiff's conduct in undertaking the activity was reasonable *or unreasonable.* Second, in 'secondary assumption of risk' cases—involving instances in which the defendant has breached the duty of care owed to the plaintiff—the defendant is not entitled to be entirely relieved of liability for an injury proximately caused by such breach, simply because the plaintiff's conduct in encountering the risk of such an injury was *reasonable* rather than unreasonable. Third and finally, the question whether the defendant owed a legal duty to protect the plaintiff from a particular risk

---

[3]Since the Supreme Court did not limit these decisions to prospective application, we conclude they have retroactive effect in all cases not yet final. (See *Newman* v. *Emerson Radio Corp.* (1989) 48 Cal.3d 973, 978-979, 985-990 [258 Cal.Rptr. 592, 772 P.2d 1059]; *Li* v. *Yellow Cab Co., supra,* 13 Cal.3d at p. 829.)

of harm does not turn on the reasonableness or unreasonableness of the plaintiff's conduct, but rather on the nature of the activity or sport in which the defendant is engaged and the relationship of the defendant and the plaintiff to that activity or sport. For these reasons, use of the 'reasonable implied assumption of risk'/'unreasonable implied assumption of risk' terminology, as a means of differentiating between the cases in which a plaintiff is barred from bringing an action and those in which he or she is not barred, is more misleading than helpful. [Fn.]" (*Knight, supra,* 3 Cal.4th at p. 309, original italics.)

█ The *Knight* plurality summarized its conclusions: "In cases involving 'primary assumption of risk'—where, by virtue of the nature of the activity and the parties' relationship to the activity, the defendant owes no legal duty to protect the plaintiff from the particular risk of harm that caused the injury—the doctrine continues to operate as a complete bar to the plaintiff's recovery. In cases involving 'secondary assumption of risk'—where the defendant does owe a duty of care to the plaintiff, but the plaintiff proceeds to encounter a known risk imposed by the defendant's breach of duty—the doctrine is merged into the comparative fault scheme, and the trier of fact, in apportioning the loss resulting from the injury, may consider the relative responsibility of the parties." (*Knight, supra,* 3 Cal.4th at pp. 314-315.)

█ Applying *Knight* to this case, we conclude the judgment must be reversed. Defendants, as the parties moving for summary judgment, had the burden to establish the absence of any basis for recovery under plaintiff's causes of action for negligence and negligent infliction of emotional distress. Under *Knight,* this means they had the burden to show that this is a case of *primary* assumption of risk—where, by virtue of the nature of the activity and the parties' relationship to the activity, the defendants owe no legal duty to plaintiff. Otherwise, the case is subject to comparative fault principles and is thus inappropriate for summary judgment.

Here, defendants have not shown the absence of a legal duty to plaintiff.

We first note that traditionally the affirmative defense of assumption of risk has presupposed the existence of a duty. Under *Knight,* however, assumption of risk is now recast as an absence of duty. (See *Ford* v. *Gouin, supra,* 3 Cal.4th 339 at p. 352 (conc. opn. of Kennard, J.).) We therefore look to the complaint, which delimits the scope of the issues on summary judgment and measures the materiality of the facts tendered in the defendant's challenge. (*FPI Development, Inc.* v. *Nakashima* (1991) 231 Cal.App.3d 367, 381 [282 Cal.Rptr. 508].)

The complaint here alleges facts sufficient to impose a duty on the part of defendants, based on allegations that they owned and negligently controlled the dog that bit plaintiff.

Here, a duty is found in Civil Code section 3342, subdivision (a) (fn. 2, *ante*), which imposes on a dog owner liability for damages suffered by a person bitten by the dog while in a public place.[4]

█ We note it has been authoritatively held that "[i]n adopting section 3342 of the Civil Code, the Legislature did not intend to render inapplicable such defenses as assumption of risk or wilfully invited injury." (*Gomes* v. *Byrne* (1959) 51 Cal.2d 418, 420 [333 P.2d 754].) █ Adopting this holding to the view of assumption of risk under *Knight* leads to the conclusion that if the defendant owes no duty to the plaintiff by virtue of the plaintiff's primary assumption of the risk, liability is not imposed by Civil Code section 3342. That is, such cases are outside the reach of that section. Such an assumption of risk does not defeat liability; rather the statute does not reach that circumstance. For example, it might be determined that the statute does not reach the circumstance of a dog biting a veterinarian during treatment. In that case, primary assumption of risk would continue to operate because the statute was not designed to protect veterinarians, hence there is no duty.

Here, nothing in the record suggests to us that Civil Code section 3342 would be inapplicable to this plaintiff in these circumstances. Defendants admit their dog was running loose when it was struck by the car. They do contend the Civil Code imposes a duty on the dog owner to keep a dog from biting someone *only while it is roaming loose*, and the dog in this case was not roaming but was immobilized by its injuries and would not have presented any threat to plaintiff but for her voluntarily approaching the dog.

However, Civil Code section 3342 cannot reasonably be read as applicable only to dogs while they are physically running loose, because it imposes liability on the owner regardless of whether the dog is restrained and regardless of whether the dog is on or off the owner's premises. We thus agree with plaintiff that the statute is not designed merely to prevent dogs from doing harm *while they rove* but to prevent dogs from becoming a hazard to the community. We do not believe that plaintiff's voluntary act of helping the injured dog would remove her from the class of persons to be protected by the dog bite statute.

Defendants also owed a further duty of care to plaintiff: to vaccinate their dog with an antirabies vaccine. Health and Safety Code section 1920,

---

[4]The parties also note the existence of a county "leash law" ordinance. (El Dorado County Ord., § 6.12.070.) El Dorado County Ordinance section 6.12.070(D) provides in part: "Any person may take up and deliver to the animal control officer any animal at large on public property or upon the person's private property." Because we find a duty in Civil Code section 3342, we do not have to address this ordinance.

subdivision (b), provides in part that "[e]very dog owner, after his or her dog attains the age of four months, shall, at intervals of time not more often than once a year, as may be prescribed by the state department, procure its vaccination by a licensed veterinarian with a canine antirabies vaccine . . . ." A county ordinance contains the same requirement.

Defendants do not dispute that the dog was over four months old when it bit plaintiff and that it had not been vaccinated against rabies. Defendants fail to show by evidence or argument that violation of the rabies laws would not give rise to a presumption of breach of a duty of care in this case. (Evid. Code, § 669.[5])

We conclude defendants have not established the absence of a duty of care.

### III

■ Defendants argue they should win because of the "veterinarian's rule," kindred to the "firefighter's rule," which *Knight* cited as examples of primary assumption of risk. (*Knight, supra,* 3 Cal.4th at pp. 309-310, fn. 5].) Under the firefighter's rule, persons whose occupation by its very nature exposes them to particular risks of harm, cannot complain of negligence in the creation of the very occasion for their engagement. (*Walters* v. *Sloan* (1977) 20 Cal.3d 199 [142 Cal.Rptr. 152, 571 P.2d 609] [no recovery for policeman attacked by persons he was trying to arrest for public drunkenness].) The firefighter's rule "finds its clearest application in situations [where] a person who, fully aware of the hazard created by the defendant's negligence, voluntarily confronts the risk for compensation." (*Walters* v. *Sloan, supra,* 20 Cal.3d at p. 204.) *Walters* pointed out that firefighters and police officers receive liberal compensation and special benefits in exchange for their dealing with the hazards of their profession. (*Id.* at pp. 205-206.)

In *Nelson* v. *Hall* (1985) 165 Cal.App.3d 709 [211 Cal.Rptr. 668], we affirmed summary judgment in favor of dog owners sued by a veterinary assistant who was bitten while treating a dog. Noting that was a case of

---

[5]Evidence Code section 669 provides in part: "(a) The failure of a person to exercise due care is presumed if: [¶] (1) He violated a statute, ordinance, or regulation of a public entity; [¶] (2) The violation proximately caused death or injury to person or property; [¶] (3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and [¶] (4) The person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted. [¶] (b) This presumption may be rebutted by proof that: [¶] (1) The person violating the statute, ordinance, or regulation did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law; . . ."

"primary" assumption of risk, we said: "The risk of dog bites during treatment is a specific known hazard endemic to the very occupation in which plaintiff voluntarily engaged." (*Id.* at p. 714.) Therefore, the plaintiff had assumed the risk.[6]

As we understand *Knight*, under the firefighter's rule (or the veterinarian variant) the absence of duty is established by the nature of the activity and the relationship of the parties. Thus, the plaintiff is employed and compensated for work that carries with it certain hazards. Here, plaintiff was not employed or otherwise compensated for helping injured dogs. Nor was there an employment relationship or any relationship between plaintiff and defendants. Defendants cite no cases applying the firefighter's rule or veterinarian's rule where there was no relationship between the plaintiff and defendant and the plaintiff was not engaged in an activity for compensation. (See *Prays* v. *Perryman* (1989) 213 Cal.App.3d 1133 [262 Cal.Rptr. 180] [dog groomer who had not yet decided whether to groom skittish dog when it bit her had not assumed control of dog, hence had not assumed risk of being bitten].) Neither the "veterinarian's rule" nor the "firefighter's rule" applies here.

We conclude defendants failed to establish primary assumption of risk. Rather, this is a case of "secondary" assumption of the risk. Accordingly, under *Knight*, defendants have not established entitlement to summary judgment. (See *Knight, supra,* 3 Cal.4th at pp. 314-315.)

IV

Defendants alternatively argue summary judgment is proper because there was no proximate causation, in that they came forward with medical evidence showing there was no link between plaintiff's symptoms and the rabies treatment she received. Although this ground was asserted in the trial court, the court's resolution of the case on the assumption of risk ground rendered the causation issue moot. Nevertheless, we agree with plaintiff that defendants failed to establish the absence of a triable issue as to causation. Thus, in opposition to the summary judgment motion, plaintiff submitted a declaration of a medical doctor specializing in arthritis and internal medicine, who examined plaintiff and her medical records and expressed the opinion that her physical and psychological problems were related to the dog

---

[6] We note that *Nelson* v. *Hall, supra,* 165 Cal.App.3d 709, was an action alleging violation of the dog bite statute (Civ. Code, § 3342; fn. 2, *ante*). Nevertheless, we do not believe that statute would defeat primary assumption of risk under the Supreme Court's recent pronouncements, because it would most likely be concluded that the dog bite statute was not intended to protect veterinarians.

bite and subsequent antirabies treatment. Accordingly, triable issues of material fact exist on this issue.[7]

## DISPOSITION

The judgment is reversed. Plaintiff shall recover costs on appeal.

Blease, Acting P. J., and Nicholson, J., concurred.

---

[7]Because the recent *Knight* decision controls this case and defeats defendants' entitlement to summary judgment, we need not address the parties' further points and authorities regarding whether plaintiff had knowledge of the specific risk of rabies, whether the "rescue doctrine" cancels out the assumption of risk defense, whether plaintiff's conduct was unreasonable, and whether the assumption of risk doctrine should be abolished.