**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3430-18T4

BONAY GOLDHAGEN,

    Plaintiff-Appellant,

v.

SUSAN PASMOWITZ,

    Defendant-Respondent,

and

BERNICE BROOKS,

    Defendant.

_____

Submitted March 30, 2020 – Decided June 8, 2020

Before Judges Sumners and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-1240-17.

Kane & Silverman, PC, attorneys for appellant (Joseph Monaco, of counsel and on the brief).

Sweeney & Sheehan, PC, attorneys for respondent (Andrew Siegeltuch, of counsel; Neal A. Thakkar, on the brief).

PER CURIAM

In this negligence action arising from a dog bite at a dog hotel and grooming salon ("the dog hotel"), plaintiff Bonay Goldhagen appeals the Law Division's order granting defendants Susan Pasmowitz and Bernice Brooks's[1] motion for summary judgment and denying her cross-motion for summary judgment on liability. We affirm.

We review a ruling on a summary judgment motion de novo, applying the same standard governing the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017) (citing Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)). Thus, we consider, as the motion judge did, "whether 'the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.'" Holmes v. Jersey City Police Dep't, 449 N.J. Super. 600, 602-03 (App. Div. 2017) (citation omitted) (quoting Brill v. Guardian Life Ins. Co. of Am.,

---

[1] Bernice Brooks was dismissed as a defendant based upon the parties' agreement.

142 N.J. 520, 540 (1995)). "If there is no genuine issue of material fact, we must then 'decide whether the trial court correctly interpreted the law.'" DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007)). We review issues of law de novo and accord no deference to the trial judge's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

The record before the trial court on defendant's summary judgment motion when viewed in the light most favorable to plaintiff, reveals the following. In July 2015, defendant boarded her two dogs – Louie, an approximately 120-pound Rottweiler mix, and Otis, a smaller dog – at a dog hotel in Atlantic City. Plaintiff was employed as a dog groomer and kennel assistant at the dog hotel. She had twenty years' experience in the business and was fully aware that dogs bite.

Defendant informed plaintiff that Louie previously bit her son. Defendant claimed when she advised plaintiff that Louie was a very strong dog, not to trust him, and that he was going to throw his weight around, plaintiff conveyed a dismissive response that she knew how to handle dogs. Defendant noted on the kennel's intake form Louie must "eat separately from Otis" and be "muzzle[d]

for nail clippings."  Plaintiff, however, was not made aware that Louie had bitten defendant, requiring defendant to receive about thirty stitches, four years earlier when defendant removed a tick from his ear.

On the first day of the dogs' boarding, plaintiff was feeding the two dogs together when she was bitten by Louie.  At her deposition, plaintiff described the incident as follows:

> I had to give them their pills, so I had gone into the kennel and put the bowls down, put the pill in each bowl.  First[,] I put the one in Louie's.  Then I walked over to the little dog[], Otis, put one in Otis's, sat down, looked at Louie, turned around, looked at Otis just to make sure they were getting their noses into their food, and I was sitting down next to Otis, and I was looking at them.  When I turned around to look at Louie, he was in my face biting my lip.

Plaintiff filed suit, and following completion of discovery, defendant moved for summary judgment dismissal of the action and plaintiff crossed-moved for partial summary judgment on liability.  The motion judge reserved decision following oral argument.

A month later, the judge entered an order and oral decision granting defendant summary judgment and denying plaintiff partial summary judgment. The judge relied primarily on the principles enunciated in Reynolds v. Lancaster Cty. Prison, where we limited the absolute liability of dog owners under N.J.S.A.

4:19-16, by holding an independent contractor who agrees to care for a dog could not assert a claim against a dog owner for a dog bite unless the dog owner "purposefully or negligently conceal[ed] a particular known hazard from the" independent contractor. 325 N.J. Super. 298, 323-44 (App. Div. 1999) (quoting Nelson v. Hall, 211 Cal. Rptr. 668, 673 n.4 (1985)).

The judge reasoned:

> In this matter[,] the plaintiff claims the defendant withheld or failed to disclose the specific fact that defendant herself was previously bit by Louie in the face requiring 30 stitches to close the wound. Based upon defendant withholding that specific fact, aside from the fact that plaintiff was an experienced dog handler, knew dogs sometimes bite, knew the dog bit a child, had a history of nipping, needed muzzling for nail clipping, and saw co-workers bit by dogs, was the one piece of evidence sufficient to create a genuine issue of material fact to defeat defendant's motion. This [c]ourt does not find that is sufficient. The [c]ourt agrees with the defense['s] position, and the [c]ourt finds specifically that the plaintiff possessed adequate information from the defendant regarding Louie's history. The [c]ourt finds the plaintiff had sufficient knowledge based upon the fact that Louie bit a child and that fact was revealed specifically by the defendant to the plaintiff.
>
> This [c]ourt finds that the quality or consequences . . . of the dog bite, is not relevant or a material inquiry in this instance to defeat the summary judgment motion filed by the defendant. Knowing the dog previously bit a child in this instance and the fact that that was specifically told to the plaintiff by defendant, that fact

was revealed and is enough in this [c]ourt's opinion to have the defendants prevail. In fact, plaintiff disregarded the specific instruction to feed the dog separately and was, in fact, bitten when both dogs were being fed at the same time when she was sitting with Otis.

This [c]ourt finds plaintiff was a long-time professional in this industry, in this field, to know and appreciate this dog's history and to take the necessary precautionary measures to safely address the needs of a dog, as well as her own, while working at [the pet hotel]. This [c]ourt finds that the facts are very similar to those in the Reynolds case.

Based upon this record the [c]ourt finds there is no genuine issue as to any material fact challenge, and the [c]ourt finds that the defendant . . . is entitled to summary judgment as a matter of law. The [c]ourt grants the defendant's motion for summary judgment, dismissing the case with prejudice. This [c]ourt dismisses the plaintiff's cross motion.

Plaintiff appeals, arguing her assumption of risk and comparative negligence in caring for defendant's dogs does not apply under N.J.S.A. 4:19-16 and she was entitled to partial summary judgment on liability against defendant under the statute.

N.J.S.A. 4:19-16 states, in relevant part:

The owner of any dog which shall bite a person while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of the dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former

6

viciousness of such dog or the owner's knowledge of such viciousness.

"To recover under [the statute], a plaintiff must prove that the defendant owned the dog, that the dog bit the plaintiff, and that the plaintiff was in a public place or lawfully on the owner's property." DeRobertis v. Randazzo, 94 N.J. 144, 158 (1983). "Satisfaction of the elements of the statute imposes strict liability . . . for damages sustained by [the] plaintiff." Pingaro v. Rossi, 322 N.J. Super. 494, 503 (App. Div. 1999) (citing Jannuzzelli v. Wilkens, 158 N.J. Super. 36, 39 (App. Div. 1978); Tanga v. Tanga, 94 N.J. Super. 5, 12 (App. Div. 1967)).

However, in Reynolds, recognizing an exception to the imposition of strict liability, we held that:

> [w]hen a dog owner turns his dog over to an independent contractor who has agreed to care for the dog, the owner is not liable under the dog-bite statute when the dog bites the independent contractor unless the owner knew, or had reason to know, the dog was vicious and withheld that information. Similarly, under the doctrine of primary assumption of the risk, as described in Emmons[ v. Stevane, 77 N.J.L. 570, 573-74 (E. & A. 1908)], it would appear that an owner would not be liable under the statute to an independent contractor who undertakes the care of a domestic animal with knowledge that it is particularly dangerous.
>
> [325 N.J. Super. at 324.]

7

The principles articulated in <u>Reynolds</u> apply here. The plaintiff in <u>Reynolds</u> worked for a guard dog company as a dog handler and he was seriously injured when one of the company's dogs attacked him. <u>Id.</u> at 306. We noted that in general, a landowner has the duty to "use reasonable care to protect independent contractors [from] 'known or reasonably discoverable dangers.'" <u>Id.</u> at 321-22 (citing <u>Kane v. Hartz Mountain Indus.</u>, 278 N.J. Super. 129, 140 (App. Div. 1994)). We found persuasive the decision in <u>Nelson v. Hall</u>, 211 Cal. Rptr. 668, 673 (1985), in which the California Court of Appeal held a veterinarian could not recover under the California dog-bite statute based on assumption of the risk. <u>Reynolds</u>, 325 N.J. Super. at 323-24. We held that "a veterinarian has all of the characteristics of an independent contractor" and "the owner [of a dog] is not liable under the dog-bite statute when the dog bites the independent contractor unless the owner knew, or had reason to know, the dog was vicious and withheld that information." <u>Id.</u> at 324.

Like the dog handler in <u>Reynolds</u>, plaintiff was an independent contractor who "agree[d] to care for a dog." <u>Ibid.</u> She was "aware of the risk that any dog, regardless of its previous nature, might bite while being" cared for. <u>Ibid.</u> (quoting <u>Nelson</u>, 211 Cal. Rptr. at 715). And as the motion judge determined, even though defendant did not mention Louie had bit her, there was no dispute

plaintiff was made aware of Louie's aggressive nature; he had bitten defendant's son; he had to be muzzled during nail clippings; and he should not be fed with Otis. The latter being the precise situation when plaintiff was bitten.

Accordingly, we are satisfied the motion judge correctly concluded, based on the evidence presented, a reasonable factfinder could only reach one conclusion: that plaintiff had sufficient warning Louie might bite her while she was caring for him. The judge correctly found there was no genuine issue of material fact, thus, as a matter of law, defendant was entitled to summary judgment dismissal and plaintiff was not entitled to summary judgment for liability.

Any of plaintiff's arguments we did not specifically address lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3430-18T4